IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SUZANNE OLSSON,

      Plaintiff,

v.

SIMON & SCHUSTER PUBLISHERS,
INC. and KATHLEEN HARKEY SMITH
COPPENS MCGOWAN, Author,

      Defendants.
_____/

CASE NO. 3:14-CV-980-J-32JBT

**DISPOSITIVE MOTION**

## DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF LAW

Defendant Simon & Schuster, Inc., incorrectly sued herein as Simon & Schuster Publishers, Inc. ("S&S"), pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves this Court for an Order dismissing the Complaint filed by *pro se* Plaintiff Suzanne Olsson ("Plaintiff" or "Olsson") because the Complaint fails to state any cause of action against S&S. The grounds for this Motion are set forth in the following Memorandum of Law.

### Summary of Argument

Plaintiff's Complaint alleges defamation clams against S&S and against individual Defendant Kathleen McGowan ("McGowan"). The defamatory statements are alleged to be "defamatory liable [sic]" occurring over the course of five years and "appearing online and in various amazon.com book discussions." Compl., ¶ 4.

Plaintiff's Complaint must be dismissed as to S&S because the face of the Complaint fails to plead a *prima facie* case of defamation against S&S, for one simple and critical reason. Nowhere in the Complaint does Plaintiff allege that S&S ever made, much less published, any statement of and concerning Plaintiff. Indeed, Plaintiff's claim against S&S appears to be based on S&S's *failure to make any statements* about Plaintiff. Compl. ¶4 (alleging that S&S "did not

respond" to Plaintiff's request to "clear the Plaintiff's name"). Thus, on the face of the Complaint, Plaintiff plainly admits that the first element of her defamation claim against S&S – publication of a false statement – is lacking. Failing to allege any facts to support the first essential element of a defamation claim, Plaintiff's claim amounts to only vague legal conclusions as to S&S's liability. Federal Rule of Civil Procedure 8(a), as interpreted in *Twombly* and *Iqbal*, requires more. Thus, the Court should dismiss the Complaint against S&S, because the Plaintiff has not alleged specific facts supporting the essential elements of a defamation claim against S&S.

### Plaintiff's Complaint

#### A.  Factual Allegations As To Each Defendant

The Complaint purports to plead claims of defamation against all Defendants, and no other claims. *See generally* Compl. The two Defendants named in the Complaint are S&S and McGowan. *Id.* The Complaint alleges that, over a span of five years beginning in or about April 2009, Defendant McGowan made certain "defamatory liable [sic]" statements "online and in various amazon.com book discussions." Compl., ¶ 4. The Complaint specifically recounts a few statements that McGowan allegedly posted online to Facebook, on McGowan's personal website, and in comments of an Amazon.com book review web page. *Id.*, ¶¶ 5, 7, 9-10, 20.

Conspicuously absent from the Complaint, however, are any factual allegations that S&S made any statements at all about Plaintiff. The entirety of the Complaint's factual allegations regarding S&S is as follows:

- "Plaintiff did contact the defendant, Simon and Schuster, about this liable [sic] and asked for a public statement to clear the Plaintiff's name";
- S&S "*did not respond*";

- and S&S "was made aware of when the defamatory actions began, and that such defamation has continued to the present."

Compl., ¶ 4 (emphasis added).  Every other vague allegation that could be read to refer to S&S (i) merely states "defendants" and (ii) is a bald legal conclusion without any factual support. *See* Compl., ¶ 4 ("[D]efendants published or allowed their representatives to publish false statements about the Plaintiff . . . ."), ¶ 23 ("The comments printed by the Defendant(s) and/or allowed to be made continuously by the defendants and/or their agents are libelous . . . ."), ¶ 26 ("The above-described publications . . . were published or allowed to remain published by defendants with malice, hatred, and ill . . . .").

Nor do the over fifty pages attached to the Complaint reflect any facts alleging to defamation by S&S against Plaintiff.  Rather, the attachments to the Complaint comprise (i) purported online statements by McGowan regarding Plaintiff, (ii) three letters from Plaintiff addressed to S&S regarding McGowan's alleged online statements, (iii) a cease-and-desist letter to Plaintiff from McGowan's counsel, (iv) a letter from the State Bar of California to Plaintiff rejecting her complaint about McGowan's counsel, (v) a voluntary dismissal of a prior lawsuit by Plaintiff against McGowan, and (vi) a small assortment of other materials from online sources containing biographical information about McGowan.  *See* Compl., Exhibits 1-11.  In short, the Complaint alleges virtually no facts as to S&S, and the scant factual allegations regarding S&S are untethered from any defamation claim.

**B.     The Defamation Claims**

The *pro se* Complaint contains 26 uncategorized paragraphs of allegations and does not set forth clearly which or how many counts are being alleged against whom.  The Complaint alleges generically, in a conclusory fashion and upon information and belief, "that each of the

3

defendants designated is legally responsible for the events and happenings referred to in this complaint, and unlawfully caused the injuries and damages to plaintiff in this complaint." Compl., ¶ 2. As described above, the factual allegations delineating the claims describe only a few statements allegedly posted online by a different Defendant, McGowan. *See* Compl., ¶¶ 5, 7, 9-10, 20. Plaintiff specifically alleges that McGowan posted statements on Facebook, Amazon.com book reviews, and McGowan's own website, and that those statements falsely accused Plaintiff of plagiarizing McGowan, having multiple personalities, stalking McGowan, threatening to kill or harm McGowan, and causing McGowan's book tours to be canceled. *Id.*, ¶ 22. Plaintiff alleges these statements by McGowan are false. Compl., ¶ 4.

The Complaint further alleges upon information and belief that "defendants were the agents and employees of their codefendants and . . . were acting within the course and scope of such agency and employment." Compl., ¶ 3. Plaintiff alleges, without any detail, that "defendants" either "published or allowed their representatives to publish false statements about the Plaintiff." *Id.*, ¶ 4. Having not factually established the nature of any relationship between McGowan and S&S, the Complaint does nothing to tie the statements at issue, all of which were allegedly made by McGowan, to S&S.[1] Plaintiff also admits in her Complaint that it is S&S's *failure* to make statements about her that is her chief complaint. Compl. ¶4 (alleging that S&S "did not respond" to Plaintiff's request that S&S publish a statement about Plaintiff in response to the statements made by the individual defendant). Needless to say, a defamation claim based on silence cannot satisfy the publication element of a defamation claim.

---

[1] McGowan is not and never has been an employee or agent of S&S. *See* Notice of Removal (D.E. 1, Ex. B [Declaration of David Hillman, Esq.], ¶ 7).

4

**Argument**

A.  **The Complaint Fails To Plead A Viable Defamation Cause Of Action Against S&S**

1.  **Plaintiff Bears The Burden Of Showing A Right To Relief**

The standard for a "pleading that states a claim for relief" in federal court is governed by Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007), the United States Supreme Court held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " *Id.* at 555. The "factual allegations" in the pleading "must be enough to raise a right to relief above the speculative level," and to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Id.* at 545, 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (merely pleading conclusory allegations that the defendant committed an identified legal wrong without pleading facts showing a plausible basis to infer defendant's liability does not suffice under Rule 8); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) ("[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."). Here, Plaintiff fails to meet her burden to show entitlement to relief under Rule 8(a), *Twombly*, and *Iqbal*.

2.  **Elements Of Defamation**

In order to state a *prima facie* defamation claim under Florida law, a plaintiff must establish that (1) the defendant published a false statement, (2) about the plaintiff, (3) to a third party, and (4) the plaintiff suffered damages as a result. *Carlson v. WPLG/TV-10, Post-*

*Newsweek Stations of Fl.*, 956 F. Supp. 994, 1006 (S.D. Fla. 1996). If any of these elements is not satisfied, then the claim fails. *See id.* (granting summary judgment in favor of defendant when plaintiff did not establish the element of resulting damages). To assert a viable claim, a plaintiff must also allege specific facts supporting each element, including *the identity of the party* making or publishing the particular statements alleged to be defamatory. *Fowler v. Taco Viva, Inc.*, 646 F. Supp. 152, 157 (S.D. Fla. 1986) (dismissing defamation claim, for failure to state a cause of action, when plaintiff did not plead sufficient facts to support required element that the defendant made a published statement); *see also Akzo Nobel Coatings, Inc. v. Auto Paint & Supply of Lakeland, Inc.*, No. 8:09-CV-2453-T-30TBM, 2010 WL 2821950, *4 (M.D. Fla. July 16, 2010) (dismissing claim and explaining that a defamation plaintiff must "*specifically identify the person* who made the allegedly defamatory statement"). In other words, to prevail in a defamation action, "the plaintiff must show that the defendant made a false statement of fact of or concerning the plaintiff, that the false statement was communicated to a third person, with malice, and that the plaintiff sustained damages." *Baker v. McDonald's Corp.*, 686 F. Supp. 1474, 1484 (S.D. Fla. 1987) (granting summary judgment in favor of defendant when plaintiff failed to establish element of publication).[2]

### 3. Plaintiff Fails To Allege Publication By S&S

Plaintiff fails to sufficiently plead the very first element of a *prima facie* defamation claim — that S&S published a false statement. Indeed, Plaintiff has not alleged any facts indicating that S&S ever has made a statement about Plaintiff, defamatory or otherwise. All of

---

[2] Further, the false statements at issue must be alleged to have been first published within the two-year statute of limitations. *See, e.g.*, *Hendricks v. Rambosk*, 2011 WL 1429646, at *7 (M.D. Fla. 2011); *Del Fuoco v. O'Neill*, 2011 WL 601645, at *2 (M.D. Fla. 2011) (dismissing defamation claim related to publications outside the limitations period). Here, the vast majority of statements at issue were allegedly first published well outside the limitations period.

the allegedly defamatory statements that Plaintiff identifies in her Complaint were, according to Plaintiff's own assertions, made by Defendant McGowan alone. *See* Compl. ¶¶5, 7, 9-10, 20. The Complaint alleges that these statements by McGowan were published on three websites — Facebook, Amazon.com, and McGowan's personal website — and does not allege that S&S in any way maintains or controls what is published on those websites (which it does not). Nothing in the Complaint or in any of the Exhibits annexed to the Complaint is alleged to be a statement by S&S about Plaintiff, as is required for Plaintiff to state a cause of action for defamation against S&S.

Plaintiff simply cannot satisfy her pleading burden with no plausible allegation that S&S actually made a statement about her — one that is false, that S&S published to a third party, and that caused Plaintiff damages. *See Bush v. Raytheon Co.*, 373 F. App'x 936, 941 (11th Cir. 2010) (discussing publication requirement for defamation action and affirming summary judgment in favor of defendant on defamation claim because defendant did not "publish" any defamatory statement); *Fowler*, 646 F. Supp. at 158 (dismissing defamation claim, for failure to state a cause of action, when plaintiff did not sufficiently plead whether defendant made the statements at issue); *Akzo Nobel Coatings, Inc.*, 2010 WL 2821950, at *4 (dismissing claim and explaining that a defamation plaintiff must "specifically identify the person who made the allegedly defamatory statement"). Moreover, Plaintiff is required to not only allege the elements of the claim but support the allegations with plausible facts surpassing vague and conclusory recitals. Further, Plaintiff's generalized allegations regarding S&S, made only upon "information and belief" are precisely the type of implausible and speculative allegations found insufficient in *Twombly* and *Iqbal*. (See Compl. ¶2, 4) *See Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 555. In short, plaintiff pleads no facts that would make out the first element of a

defamation claim against Defendant S&S; the vague, generalized legal conclusions about S&S that Plaintiff does plead, "on information and belief," are legally insufficient to survive dismissal.

## Conclusion

Because Plaintiff has failed to plead a plausible, *prima facie* claim of a defamation against Defendant S&S, S&S respectfully requests the Court to enter an Order dismissing the Complaint as against S&S, with prejudice, and granting such other or further relief the Court deems appropriate.

Respectfully submitted,

*/s/Gregory W. Herbert*
Gregory W. Herbert
Fla. Bar No. 0111510
herbertg@gtlaw.com
GREENBERG TRAURIG, P.A.
450 South Orange Ave., Suite 650
Orlando, Florida  32801
Telephone: (407) 420-1000
Facsimile:  (407) 841-1295

*Attorneys for Defendant*
SIMON & SCHUSTER, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of August, 2014, a true and correct copy of the foregoing was filed with the Clerk of the Court by using the e-filing system.  I FURTHER CERTIFY that a true and correct copy of the foregoing was furnished via U.S. mail to:

Suzanne Olsson
1950 Paine Avenue, Unit 9
Jacksonville, FL 32211

*s/Gregory W. Herbert*
Gregory W. Herbert