UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SUZANNE OLSSON,

    Plaintiff,

v.                                                            CASE NO. 3:14-cv-980-J-32JBT

KATHLEEN HARKEY SMITH
COPPENS MCGOWAN,

    Defendant.
_____/

### REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court *sua sponte*. For the reasons set forth herein, the undersigned respectfully recommends that Plaintiff's claims be **DISMISSED without prejudice**.

Plaintiff filed this case in state court, and Defendant Simon & Schuster, Inc. subsequently removed it to this court.[2] (*See* Doc. 1.) Upon removal, the Court noted that service may not have been properly effected on Defendant Kathleen Harkey Smith Coppens McGowan ("Defendant"). (Doc. 12.) The Court directed

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

[2] Plaintiff originally brought this suit against Kathleen Harkey Smith Coppens McGowan and Simon & Schuster, Inc. (*see* Doc. 2), but the claims against Simon & Schuster, Inc. have since been dismissed (Doc. 24).

Plaintiff to either request an alias summons or show that proper service had been made on or before October 6, 2014. (*Id.*) On September 29, 2014, Plaintiff filed a Motion to Hold in Abeyance Without Prejudice (Doc. 15), requesting an extension of time to serve Defendant because Plaintiff believed Defendant was avoiding service (Doc. 16 at 5). Plaintiff subsequently filed a Motion to Re-Issue Summons. (Doc. 19.) The Court granted the Motion to Re-Issue Summons and directed Plaintiff to effect service on Defendant by February 20, 2015.[3] (Doc. 21.) On January 26, 2015, Plaintiff filed a Motion for Service by Publication. (Doc. 25.) The Court denied the motion without prejudice and permitted Plaintiff to either file a new motion showing Plaintiff's compliance with the applicable law or request an extension of time to properly effect service on Defendant. (Doc. 26.)

Plaintiff filed a Motion to Accept Proof of Service, which argued that she had made proper service and requested "final Judgment in this matter." (Doc. 27 at 7.) The Court entered an Order denying the motion and directing Plaintiff, by April 29, 2015, to show cause in writing why the case should not be dismissed without prejudice for failure to timely serve Defendant.[4] (Doc. 29.) To date, Plaintiff has not

---

[3] Prior to entry of this Order, even if given 120 days from the date this case was removed from state court, Plaintiff's deadline for service would have been December 15, 2014.

[4] Plaintiff was also warned that "[e]ven a dismissal without prejudice may impact Plaintiff's substantive rights by, for example, application of a statute of limitations." (Doc. 29 at 7 n.5.)

filed any response.[5]

> Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part:
>
>> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Because Plaintiff has not responded to the Court's Order to show cause, which constitutes notice to Plaintiff, and has not shown good cause for her failure to timely serve Defendant, the undersigned recommends dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

Accordingly, it is respectfully **RECOMMENDED** that:

1. This action be **DISMISSED without prejudice**.

2. The Clerk of Court be directed to terminate any motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on May 12, 2015.

_____
JOEL B. TOOMEY
United States Magistrate Judge

---

[5] Instead, Plaintiff filed a new action. See *Olsson v. Coppens McGowan*, 3:15-cv-467-J-25PDB.

3

Copies to:

Pro Se Plaintiff